**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEANNINE CLARK, | No. 18-15421 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05561-MEJ |
| v. | |
| AMTRUST NORTH AMERICA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Argued and Submitted October 22, 2019
San Francisco, California

Before: WALLACE and MURGUIA, Circuit Judges, and LASNIK,** District
Judge.

Plaintiff-Appellant Jeannine Clark appeals from the district court's summary

judgment in favor of Defendants-Appellees AmTrust E&S Insurance Services, Inc.,

AmTrust North America, Inc., AmTrust Financial Services, Inc., and Tony Weddle

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

(collectively, AmTrust). Clark alleges that AmTrust discriminated and retaliated against her for taking maternity leave, ultimately firing her from her job as an assistant underwriter. Clark asserts seven claims: (1) sex discrimination under Title VII; (2) interference with her rights under the Family Medical Leave Act (FMLA); (3) interference with her rights under the California Family Rights Act (CFRA); (4) sex discrimination under the Fair Employment and Housing Act (FEHA); (5) retaliation under the FEHA, California Government Code section 12940(h); (6) failure to prevent discrimination or retaliation under the FEHA, California Government Code section 12940(k); and (7) wrongful termination against public policy. We have jurisdiction under 28 U.S.C. section 1291. Reviewing de novo, we affirm.

1.  The district court properly granted summary judgment on Clark's first and fourth claims under Title VII and the FEHA. "California courts apply the Title VII framework to claims brought under FEHA." *Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir. 2007) (citation omitted). We therefore evaluate both discrimination claims concerning her termination under the *McDonell Douglas* framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[1] We

---

[1]  Because Clark did not rely on direct evidence to support her discrimination claims before the district court, she may not now do so for the first time on appeal. Therefore, she must prove discrimination through circumstantial evidence under the *McDonnell Douglas* framework. Even if the issue was not waived, there is no evidence such as "sexist statements" from her supervisors, that would constitute

hold that even if Clark established a *prima face* case of discrimination, AmTrust articulated a legitimate, nondiscriminatory reason for the termination, and that Clark has failed to show that that reason was pretextual.

Clark failed to meet her improvement goals for three months in a row, had two authority violations, and received two requests from her brokers that they be reassigned to a different underwriter. Unsatisfactory work performance is a nondiscriminatory reason for an adverse employment action. *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 661 (9th Cir. 2002) (holding that plaintiff's "poor job performance" was a "legitimate, nondiscriminatory reason for terminating" him).

Clark did not provide "specific and substantial" evidence showing that AmTrust's decision to fire her was pretextual. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002) (citation omitted). AmTrust did not rely on subjective elements of poor work performance such as "soft skills" and "being upbeat" to fire Clark. *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1137 (9th Cir. 2003). Instead, AmTrust relied on Clark's objective performance deficiencies to justify her termination. This is therefore not a case in which the employee enjoyed "superior performance" and "belief that her work was more than satisfactory" that along with

---

direct evidence of sex discrimination. *See Mayes v. WinCo Holdings, Inc.*, 846 F.3d 1274, 1280–81 (9th Cir. 2017).

"proximity in timing" creates a question of fact on the termination decision. *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 971 (9th Cir. 2002).

2.      The district court also properly granted summary judgment on Clark's claims under the FMLA and the CFRA. Because Clark alleges retaliation under the FMLA, we construe her allegation as an interference claim under 29 U.S.C. section 2615(a)(1). *See Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001). CFRA is California's counterpart to the FMLA. *See Xin Liu*, 347 F.3d at 1132. Clark alleges that AmTrust interfered with her rights under the FMLA and the CFRA by (1) asking her to return to work before her protected leave; (2) failing to restore her in a position equivalent in benefits, pay, and conditions form before she took leave; and (3) using her maternity leave as a negative factor in terminating her employment. We reject these theories of liability in turn.

First, Clark fails to show that AmTrust "interfere[d] with the length and dates of [her] leave." *Xin Liu*, 347 F.3d at 1134. That AmTrust's Human Resources Supervisor emailed Clark asking whether she would return to work on December 1, 2014, is not evidence that AmTrust attempted to shorten her leave. FMLA regulations expressly allow an employer to "require an employee on FMLA leave to report periodically on the employee's status and intent to return to work." 29 C.F.R. § 825.311(a).

Second, AmTrust did not fail to restore Clark to an equivalent position. "The

4

FMLA does not entitle the employee to any rights, benefits, or positions they *would not have been entitled to had they not taken leave*." *Xin Liu*, 347 F.3d at 1132 (emphasis added) (citing 29 U.S.C. § 2614(a)(3)(B)). The reassignments took place while Clark was on maternity leave and affected all underwriters. Therefore, it was AmTrust's systemic reassignments for all employees, not the denial of reinstatement to an equivalent position, that resulted in Clark's new broker assignments. None of Clark's other asserted bases of interference on her equivalency theory present a genuine dispute of material fact.

Third, and finally, Clark fails to show that AmTrust used her FMLA leave as a negative factor in firing her. Although an employer may not use FMLA leave as a negative factor in an adverse employment decision, *see Bachelder*, 259 F.3d at 1124, an employer may base a decision on an employee's conduct that is not protected by the FMLA, such as an employee's performance problems, *see id*.

The record reveals that Clark was fired for her performance problems. Clark failed to meet her production goals for three months in a row. By the time she was fired, she had met only 30% of her annual budget goals. Clark had two authority violations and received two requests from her brokers that they be reassigned to a different underwriter.

There was no basis to infer that Clark's maternity leave was a factor in her termination. Clark's termination was not temporally linked to her return from

5

maternity leave. Clark returned from leave in January 2015, and AmTrust did not fire her until eight months later, in September. Additionally, Weddle's alleged reference to Clark returning from leave sooner in their January 20, 2015 conversation is the type of stray remark incapable of withstanding summary judgment.

3. The district court properly granted summary judgment on Clark's fifth claim for retaliation under the FEHA. Even if Clark exhausted her administrative remedies, she fails to show that the non-retaliatory reason, *i.e.*, her poor work performance, was pretextual. *See Arteaga v. Brink's, Inc.*, 77 Cal. Rptr. 3d 654, 675 (Ct. App. 2008) ("[T]emporal proximity alone is not sufficient to raise a triable issue as to pretext once the employer has offered evidence of a legitimate, nondiscriminatory reason for the termination") (citations omitted).[2]

4. The district court properly granted summary judgment on Clark's sixth claim alleging that AmTrust failed to prevent discrimination in violation of the FEHA, California Government Code section 12940(k). Because the record evidence

---

[2] California's state law on exhaustion applies where, as here, a federal court exercises jurisdiction over state law claims. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). The exhaustion doctrine, however, is not a jurisdictional bar. We may therefore address the merits of Clark's retaliatory claim. *See Kim v. Konad USA Distribution, Inc.*, 172 Cal. Rptr. 3d 686, 694 (Ct. App. 2014) ("But 'jurisdictional prerequisite' does not mean subject matter jurisdiction in the context of exhaustion of administrative remedies").

does not support a claim for discrimination under the FEHA, Clark does not prevail on this claim. *See Carter v. California Dep't of Veterans Affairs*, 135 P.3d 637, 644 n.4 (Cal. 2006) ("[C]ourts have required a finding of actual discrimination or harassment under FEHA before a plaintiff may prevail under section 12940, subdivision (k)") (citation omitted).

5.     The district court properly granted summary judgment on Clark's seventh claim for wrongful termination in violation of public policy. Clark has not shown that AmTrust's "motives for terminating [her] are so contrary to fundamental norms that the termination inflicted an injury sounding in tort." *Roby v. McKesson Corp.*, 219 P.3d 749, 758 (Cal. 2009) (citation omitted).

6.     The district court did not abuse its discretion in its evidentiary rulings. Clark has not shown that any error was "prejudicial" to warrant reversal. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1110 (9th Cir. 2011) (citation omitted).

For all these reasons, the district court's summary judgment is

**AFFIRMED.**